# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JAMES ALBERT SLONAKER**,

        Petitioner

v.

**UNITED STATES OF AMERICA,**

        Respondent.

**Civil No.:   3:19-CV-199**
**Criminal No.: 3:17-CR-54**
**(JUDGE GROH)**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On November 25, 2019, James Albert Slonaker, *pro se* petitioner, hereinafter "Petitioner", filed a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.[1] ECF No. 38. [2] The Government filed a Motion [ECF No. 49] to Dismiss the petition as untimely on March 24, 2020. Petitioner was required by Order [ECF No. 45] to file a response by April 7, 2020.  Petitioner has not filed a response as of this date.  The Court rules on this motion without a hearing.

### II.   FACTS

**A.   Conviction and Sentence**

---

[1] The motion [ECF No. 38] to vacate was not filed on the court approved form; therefore, a notice of deficient pleading was sent to the petitioner.  Petitioner filed his motion [ECF No. 44] on the court approved form on January 6, 2020.
[2] Throughout this document, all Electronic Case Filing "ECF" Numbers refer to Petitioner's Criminal Action, 3:17CR54.

1

Petitioner was indicted on July 25, 2017, for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). ECF No. 1. On September 8, 2017, Petitioner filed a Notice of Intent to Plead Guilty. ECF No. 19. On September 21, 2017, Petitioner pled guilty to Count One without an applicable plea agreement. ECF Nos. 24, 47 at 3:24 – 4:2.

On January 22, 2018, Petitioner was sentenced by Chief District Judge Gina M. Groh in the Northern District of West Virginia. ECF Nos. 29. 35. At the sentencing hearing, Petitioner began to deny knowledge of certain firearms found in his residence. ECF No. 35 at 14:19-15:19. After discussion with Chief District Judge Groh on the record, Petitioner then admitted that he knew he was a convicted felon and that there were firearms in his residence. Id. at 17:16 – 18:10. Chief Judge Groh sentenced Petitioner to a forty-six month term of imprisonment with a term of three years of supervised release. Id. at 19:22 – 20:1. Chief Judge Groh also reviewed Petitioner's right to appeal his judgment and that a notice of appeal must be filed with the clerk of court not more than fourteen days from the entry of the judgment order. Id. at 24:1 – 9. On January 23, 2018, Chief Judge Groh entered the Judgment and Commitment Order. ECF No. 29.

 **B.** <u>**Appeal**</u>

  Petitioner did not pursue a direct appeal.

 **C.** <u>**Recommendation**</u>

Based upon a review of the record, the undersigned recommends that the petitioner's section 2255 motion be denied and dismissed from the docket as untimely.

### III. **ANALYSIS**

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, which established a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.[1]

The limitation period shall run from the last of:

> 1. The date on which the judgment of conviction becomes final;
> 2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> 3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[2]; or
> 4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In his § 2255 motion, the petitioner does not argue the timeliness of his motion. ECF Nos. 38, 44. In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires. Aikens v. United States, 204 F.3d 1086, 1089 n. 1 (11th Cir. 2000). There are two recognized exceptions to this general rule, which apply when

---

[1] The AEDPA applies to those cases filed after April 24, 1996, the effective date of the AEDPA. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, 545 U.S. 353, (2005).

3

a federal prisoner seeks direct appellate review of his conviction or sentence. First, if, following the disposition of his direct appeal, a federal prisoner files a petition for writ of certiorari with the United States Supreme Court, the conviction becomes final when the Supreme Court either denies certiorari or issues a decision on the merits. See Washington v. United States, 243 F.3d 1299, 1300 (11th Cir. 2001). Second, if the federal prisoner does not file a timely certiorari petition after disposition of his direct appeal, the conviction becomes final on the date on which the prisoner's time for filing such a petition expires, which is ninety days after entry of the judgment on direct appeal. See Clay v. United States, 537 U.S. 522, 532 (2003). Here neither exception applies because the petitioner did not file a direct appeal of his conviction.

For federal prisoners, the time for filing a direct appeal expires fourteen days after the written judgment of conviction is entered on the criminal docket. See F.R.App.P. 4(b)(1)(A)(i). Therefore, the petitioner's conviction became final on February 6, 2018, the date his time for filing a direct appeal expired. Therefore, Petitioner had until February 6, 2019 to file his habeas corpus under AEDPA. Because the petitioner did not file his section 2255 motion until November 29, 2019, it is clearly time barred.

## IV.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Respondent's **Motion [ECF No. 49] to Dismiss the petition as untimely is GRANTED**.

Accordingly, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action No. 3:19-CV-199, ECF No. 1; Criminal Action No. 3:17-CR-54, ECF Nos. 38, 44] is **DENIED** and **DISMISSED with prejudice** as untimely filed.

4

The Petitioner shall have fourteen days from the date of filing this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge Gina M. Groh. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Court directs the Clerk of the Court to provide a copy of this Report and Recommendation to all counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

The Court further directs the Clerk of the Court to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: May 12, 2020

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE